Case 1:15-cv-00139   Document 17   Filed in TXSD on 12/29/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE SANTACRUZ-RAMIREZ, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:15-139 |
| | § | Criminal No. B:14-699-1 |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 27, 2015, Petitioner, Jose Santacruz-Ramirez, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On October 16, 2015, the United States timely responded to the petition. Dkt. No. 14.

After reviewing the record and the relevant case law, it is recommended that Santacruz-Ramirez's petition be denied because it is legally and substantively meritless.

**I. Procedural and Factual Background**

On September 10, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Santacruz-Ramirez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§ 1326(a) and 1326(b). U.S. v. Santacruz-Ramirez, Criminal No. 1:14-699-1, Dkt. No. 6 (hereinafter "CR").

**A. Rearraignment**

On September 25, 2014, Santacruz-Ramirez appeared before the Magistrate Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 11

On that same day, the Magistrate Judge issued a report and recommendation that the District Judge accept Santacruz-Ramirez's plea of guilty. CR Dkt. No. 11.

---

[1] While the indictment alleged that Santacruz-Ramirez had been convicted of an aggravated felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Santacruz-Ramirez was assessed a base offense level of eight for illegally re-entering the United States. CR Dkt. No. 17, pp. 4-5. Santacruz-Ramirez was also assessed a 16-level enhancement, because he had previously been convicted of an alien smuggling offense, namely a 2006 federal conviction for conspiracy to transport undocumented aliens within the United States. Id. Santacruz-Ramirez received a three-level reduction for acceptance of responsibility. Id. Thus, Santacruz-Ramirez was assessed a total offense level of 21.

Regarding his criminal history, Santacruz-Ramirez had five adult criminal convictions and was assessed nine criminal history points. CR Dkt. No. 17, pp. 6-9. Santacruz-Ramirez had three prior convictions for illegally re-entering the U.S., a conspiracy to smuggle aliens conviction and a state conviction for possession of a controlled substance, which he was on probation for at the time that he committed the instant offense. Id. Because he was on probation when he committed the instant offense, he was assessed an additional two points. Id. Thus, Santacruz-Ramirez was assessed 11 total criminal history points, resulting in a criminal history category of V. Id. Based upon Santacruz-Ramirez's offense level of 21 and criminal history category of V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 12.

On January 7, 2015, the District Judge adopted the report and recommendation, accepting Santacruz-Ramirez's guilty plea. CR Dkt. No. 23. On that same day, the District Court sentenced Santacruz-Ramirez to 70 months of imprisonment; two years of unsupervised release; and a $100 special assessment fee, the last of which was ordered remitted. CR Dkt. No. 25. The judgment was entered on January 26, 2015. CR Dkt. No. 25.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Santacruz-Ramirez's deadline for filing a notice of direct appeal passed on February 9, 2015. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On July 27, 2015, Santacruz-Ramirez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court declare him to be a U.S. citizen. Dkt. No. 1. On July 28, 2015, the Court issued an order, informing Santacruz-Ramirez that "a § 2255 petition is not a proper vehicle for seeking a declaration of citizenship." Dkt. No. 4. The Court also warned Santacruz-Ramirez, pursuant to Castro v. U.S., 540 U.S. 375 (2003), that the instant petition "is likely to be Santacruz-Ramirez's only chance for a collateral attack of his conviction and sentence." Id. Santacruz-Ramirez was given until August 14, 2015, to file an amended petition that would "include any and all claims that he believes to be meritorious." Id.

On August 14, 2015, Santacruz-Ramirez filed an amended § 2255 petition. Dkt. No. 8. At best, Santacruz-Ramirez's petition is difficult to follow. Nevertheless, the Court understands Santacruz-Ramirez to be making four claims: (1) the use of his prior conviction to enhance his sentence violated the Double Jeopardy Clause; (2) he was arrested after an illegal, warrant-less search; (3) the prosecutor committed unspecified misconduct; and (4) his attorney was ineffective for unspecified reasons. Dkt. Nos. 8, 9.[2]

On October 16, 2015, the Government filed a response to Santacruz-Ramirez's petition, asserting that his claims are meritless. Dkt. No. 14.

**II. Applicable Law**

**A. Section 2255**

Santacruz-Ramirez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or

---

[2] The amended petition did not include the claim to citizenship, possibly waiving it. Even if the claim was not waived, it is meritless. The "sole function" of a habeas petition is relief from unconstitutional custody, and "it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam). Thus, this claim, to whatever extent it is made, should be denied.

that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Failure to prove either prong will defeat an ineffective assistance claim." Leal v. Dretke, 428 F.3d 543, 548 (5th Cir. 2005).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,

41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Santacruz-Ramirez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012)

Regardless of the standard applied in this case, neither the record – nor the law – support Santacruz-Ramirez's claim.

### A. Double Jeopardy

Santacruz-Ramirez argues that his sentence constituted "double jeopardy" because his prior conviction was used to enhance his sentence. This claim is foreclosed as a matter of law.

The Double Jeopardy Clause is inapplicable to this case. That clause bars a subsequent prosecution, if the prior conduct – that was the subject of prosecution – is used to establish an essential element of the offense. U.S. v. Browner, 937 F.2d 165, 171 (5th Cir. 1991) (emphasis added). Proof of Santacruz-Ramirez's prior conviction was not used to prove that Santacruz-Ramirez committed the offense of illegally reentering the United States. That fact was not an element of the offense and did not have to be established for conviction. Pineda-Arrellano, 492 F.3d at 625. Indeed, its inclusion in the indictment was surplusage. Id. Instead, the prior conviction is merely a sentencing factor, which is distinct from the elements of the offense. Almendarez-Torres v. U.S., 523 U.S. 224 (1998).

Furthermore, if Santacruz-Ramirez is claiming that he cannot be convicted of illegal re-entry because he was previously convicted of that offense, his claim is meritless. Every time that an alien illegally re-enters the United States is a separate and continuing offense. U.S. v. Corro-Balbuena, 187 F.3d 483, 485 (5th Cir. 1999). In 2010, Santacruz-Ramirez was convicted of illegally re-entering the U.S. CR Dkt. No. 17, p. 8. On February 2, 2012, he

was deported from the United States. Id. On March 10, 2014, Santacruz-Ramirez re-entered the United States. Id, p. 4. Thus, his re-entry in the instant offense was separate from his prior re-entry, given that he re-entered the United States after being deported. Thus, the Double Jeopardy Clause is inapplicable to Santacruz-Ramirez's claim and this claim should be denied.

### B. Illegal Search

Santacruz-Ramirez alleges that he was arrested as part of an illegal warrantless search of a residence. This claim is meritless as well.

First, Santacruz-Ramirez's guilty plea forecloses this argument. "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." U.S. v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002). "A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment." Id. Accordingly, any claim regarding the constitutionality of the seizure of Santacruz-Ramirez's person is foreclosed by the guilty plea.

Second, even assuming that the arrest was illegal, Santacruz-Ramirez cannot have his identity suppressed from evidence. As the Fifth Circuit noted in U.S. v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir.1999), a defendant cannot have his immigration file suppressed from evidence as a result of an illegal arrest. See also U.S. v. Hernandez-Mandujano, 721 F.3d 345, 351 (5th Cir. 2013) (holding that a motion to suppress an alien's identity should be denied, even if the Border Patrol agents violated the defendant's Fourth Amendment rights). Accordingly, Santacruz-Ramirez cannot show that any suppression motion would have been successful and "would have changed the outcome of a trial." Hill v. Lockhart, 474 U.S. at 59. Therefore, Santacruz-Ramirez's underlying claim is meritless.

### C. Prosecutorial Misconduct

Santacruz-Ramirez alleges that the Assistant United States's Attorney, i.e. the prosecutor, in his case engaged in unspecified misconduct. No facts are offered, nor are specifics pointed out by Santacruz-Ramirez. This claim should also be denied.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald

assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)). In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

Santacruz-Ramirez points to no evidentiary basis for this claim. In fact, beyond the mere generalized allegation, Santacruz-Ramirez has failed to identify the alleged misconduct the prosecutor supposedly committed. In sum, this is a conclusory claim; with no support in the record – and none offered by Santacruz-Ramirez – and should be denied.

### D. Ineffective Assistance

Santacruz-Ramirez alleges that his attorney was ineffective. Again, Santacruz-Ramirez fails to identify any facts or point to any specifics relating to this claim. The simple invocation of an allegation of ineffective assistance is an insufficient basis for relief. As with the three preceding claims, this one also should be denied.

As previously noted, conclusory allegations do not raise a constitutional issue. Pineda, 988 F.2d at 23. As established earlier, Santacruz-Ramirez has the burden to prove both deficient performance and actual prejudice. Failing to establish either prong is fatal to his claim. Leal, 428 F.3d at 548. In this case, Santacruz-Ramirez has failed offer any specifics in support of either prong; this is fatal to his claim. U.S. v. Whitehead, 393 F. App'x 226, 227 (5th Cir. 2010) ("A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue."). Given that there is no evidence cited in support of this claim and no specific allegation of how his defense counsel was ineffective, the claim should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Jose Luis Santacruz-Ramirez's Amended Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 8, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Santacruz-Ramirez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Santacruz-Ramirez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on December 29, 2016.

                                                                         _____
                                                    Ronald G. Morgan
                                                    United States Magistrate Judge